# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **CITY OF BIRMINGHAM,** | } |
| **Plaintiff,** | } |
| v. | } Case No. 2:08-cv-1003-RDP |
| **BNSF RAILWAY COMPANY, et al.,** | } |
| **Defendants.** | } |

## MEMORANDUM OPINION

Before the court are Defendant Norfolk Southern Railway Company's Motion to Dismiss or, in the alternative, to Stay Action for Referral to the Surface Transportation Board (Doc. # 8), filed on June 13, 2008, and Plaintiff City of Birmingham's Motion to Remand (Doc. # 14), filed on June 23, 2008. The parties have fully briefed the issues raised by the opposing motions.

**I.      Factual Background**

Plaintiff City of Birmingham ("Birmingham" or "the City") seeks to condemn a strip of land that runs parallel to the mainline tracks that run through downtown Birmingham in order to create a city park. The City filed suit in the Probate Court of Jefferson County, Alabama. Defendant Norfolk Southern Railway Company ("Norfolk Southern"), along with other defendants who have disclaimed any interest in this litigation, removed the case to this court claiming that Birmingham's claims are completely preempted by the Interstate Commerce Commission Termination Act of 1995 (the "ICCTA"), 49 U.S.C. § 10101 et seq. Norfolk Southern has produced deeds showing that it or its wholly-owned subsidiaries own at least of part the disputed land in fee simple. (Doc. # 8, Ex. 1).

**II.     Analysis**

Both Plaintiff and Defendant argue that this dispute should be heard by a court or adjudicative body other than this one. Norfolk Southern asserts that the ICCTA completely preempts Birmingham's state law remedy of condemnation. It argues that the Surface Transportation Board ("STB" or "the Board") has exclusive jurisdiction over controversies of this type. Birmingham counters that Norfolk Southern has not yet proven that it has a property interest in the disputed property and that the ICCTA does not completely preempt its state law remedies. It argues that this court lacks subject matter jurisdiction and must therefore remand the case back to probate court.

After considering the parties' contentions and the relevant law, the court concludes that the proper course of action is to refer the matter of preemption to the STB. After receiving a recommendation from the Board, the court will then determine whether the action should be remanded to Jefferson County Probate Court or dismissed to be adjudicated before the STB.

   **a.     The ICCTA**

The subsection of the ICCTA relevant to this dispute provides:

(b) The jurisdiction of the [Surface Transportation] Board over--

(1) transportation by rail carriers, and the remedies provided in this part with respect to rates, classifications, rules (including car service, interchange, and other operating rules), practices, routes, services, and facilities of such carriers; and

(2) the construction, acquisition, operation, abandonment, or discontinuance of spur, industrial, team, switching, or side tracks, or facilities, even if the tracks are located, or intended to be located, entirely in one State,

is exclusive. Except as otherwise provided in this part, the remedies provided under this part with respect to regulation of rail transportation are exclusive and preempt the remedies provided under Federal or State law.

49 U.S.C. § 10501(b). The ICCTA defines "transportation" as including "a locomotive, car, vehicle, vessel, warehouse, wharf, pier, dock, *yard, property, facility*, instrumentality, or equipment of any kind related to the movement of passengers or property, or both, by rail, regardless of ownership or an agreement concerning use." 49 U.S.C. § 10102(9)(A) (emphasis added).

    **b.**    **The Question of Ownership**

The court can quickly dispose of Birmingham's contention that this case should be remanded because Norfolk Southern has not proved that it owns the property Birmingham seeks to condemn. The language of the ICCTA clearly vests the STB with jurisdiction to adjudicate claims relating to a railroad's property. As a result, Birmingham's argument that neither this court nor the STB can have jurisdiction over this case because Norfolk Southern has not yet proved that it owns the disputed property is without merit. The court sees no reason why the Board cannot adjudicate Birmingham's contention that Norfolk Southern does not own the subject property. Furthermore, it certainly takes more to divest a court of jurisdiction than merely challenging (without any evidence and in the face of an apparently-valid deed) the ownership of a piece of property, especially when Birmingham instituted a condemnation action against Norfolk Southern

    **c.**    **ICCTA Preemption**

Birmingham has not contested that Norfolk Southern is a rail carrier and it is clear that the strip of land Birmingham seeks to condemn is "property." Instead, Birmingham relies on the Eleventh Circuit's opinion in *Florida East Coast Ry. Co. v. City of West Palm Beach*, 266 F.3d 1324 (11th Cir. 2001) to argue that a city's exercise of eminent domain is not preempted because condemnation is more closely analogous to the exercise of local police powers than the regulation

of a railroad.  In *West Palm Beach*, the court allowed the city to enforce its zoning ordinances against a company that leased property from Florida East Coast Railway ("FEC"), holding that:

> existing zoning ordinances of general applicability, which are enforced against a private entity leasing property from a railroad for non-rail transportation purposes, are not sufficiently linked to rules governing the operation of the railroad so as to constitute laws with respect to regulation of rail transportation.

266 F.3d at 1331 (quotations omitted).  The court based its holding on two factors: (1) the ICCTA preemptive sweep does not reach municipal, only "Federal and State law;" and (2) the ICCTA's "express preemption applies only to state laws 'with respect to regulation of rail transportation.'" *Id.* (quoting 49 U.S.C. § 10501(b)).  Because the zoning ordinance in *West Palm Beach* was a municipal ordinance instead of a state law, and because the ordinance could not "reasonably be said to have the effect of managing or governing rail transportation," the ICCTA did not preempt the ordinance.  *Id.* (quotations omitted).  Also, the court included a caveat in concluding its preemption analysis:

> [w]e are not called upon to decide whether federal law would constrain the City's exercise of its police power to limit [the Railway's] operations should it engage in an aggregate distribution business in exactly the same way as [the lessor].  It is clear, however, that in no way does federal pre-emption under the ICCTA mandate that municipalities allow any private entity to operate in a residentially zoned area simply because the entity is under a lease from the railroad.

*Id.* at 1332.

The *West Palm Beach* decision is distinguishable on its facts from this case.  First, Birmingham has conceded that the law to be applied by the Jefferson County Probate Court is state law, not a municipal ordinance.  Second, the exercise of eminent domain is far more specific in its application than a generally-applicable zoning ordinance, and is therefore much more likely to be

used as a form of *ad hoc* regulation on a specific railroad's transportation than a zoning ordinance. Finally, there are no leases or entities other than a railroad involved in this dispute.

It is clear that *West Palm Beach* does not require this court to find that the ICCTA does not preempt Birmingham's claims for relief. To be sure, *West Palm Beach* does not apply to this case at all. Therefore, the court must address whether the condemnation sought in this case rises to the level of regulating rail transportation, a question not addressed by *West Palm Beach* or any other binding precedent.

Courts have split over whether condemnation is necessarily regulation of rail transportation. At least one United States District Court has held that condemnation is always regulation. *See Wisconsin Cent. Ltd. v. City of Marshfield*, 160 F.Supp. 2d 1009, 1013 (W.D. Wis. 2000) ("[t]he Court holds that condemnation is regulation"). On the other hand, other courts have stated that condemnation proceedings do not necessarily cross the threshold into regulation. Some of these cases conclude that the particular condemnation sought is preempted. *See Franks Inv. Co. LLC v. Union Pacific R. Co.*, --- F.3d ----, 2008 WL 2612060 (5th Cir. July 3, 2008); *City of Lincoln v. Surface Transp. Bd.*, 414 F.3d 858, 861-63 (8th Cir. 2005) (affirming the STB's determination that the condemnation sought amounted to regulation). Other courts have held that the ICCTA did not extend to the particular condemnation sought before them. *See City of Sachse v. Kansas City Southern*, No. 4:07-cv-269, 2008 WL 783559 *3-5 (S.D. Tex., Mar. 20, 2008) (holding that removing railroad had not met its burden of proof of showing that the condemnation sought would interfere with its operations).

The STB stated that:

> neither the court cases, nor Board precedent, suggest a blanket rule that any condemnation action against railroad property is impermissible. Rather, routine, non-conflicting uses, such as non-exclusive easements for at-grade road crossings, wire crossings, sewer crossings, etc., are not preempted so long as they would not impede rail operations or pose undue safety risks.

*Lincoln Lumber Co.*, STB Finance No: 34915, 2007 WL 2299735 *2 (Aug. 10, 2007). A determination of whether the condemnation at issue here will result in impermissible regulation will necessarily involve the resolution of fact issues. Therefore, the court elects to refer the case to STB. The Board is particularly well-suited to determine if the ICCTA preempts the condemnation Birmingham seeks.

### III. Conclusion

Accordingly, the court refers the case to the Surface Transportation Board and administratively terminates the pending motions. A separate order will be entered consistent with the memorandum opinion.

**DONE** and **ORDERED** this ___8th___ day of July, 2008.

                                                            _____
                                                            **R. DAVID PROCTOR**
                                                            UNITED STATES DISTRICT JUDGE